**IT IS ORDERED as set forth below:**

**Date: March 23, 2020**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| **DEBORAH LEE BEACHAM,** | : | **20-60714-SMS** |
| Debtor, | : | Chapter 13 |
| **CHARLES WAYNE BEACHAM,** | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| **DEBORAH LEE BEACHAM,** | : | |
| Respondent. | : | |

## ORDER DENYING MOTION FOR COMFORT ORDER

Before the Court is the *Motion for Comfort Order Regarding Automatic Stay* (the "Motion," Doc. 28), filed by Movant on February 19, 2020. A hearing was held on the matter on March 10, 2020. Counsel for Movant and counsel for Debtor were present. For the reasons set forth below, the Motion is denied.

Movant and Debtor (the "Parties") are divorced. The Parties' divorce decree (the "Decree") incorporates a settlement agreement, under which Movant is obligated to pay Debtor a portion of his General Parts Company Tax Deferred Compensation as part of their equitable division of property (the "Deferred Comp. Distribution"). (Doc. 30-2; Exh. "B"). In subsequent proceedings resulting from the Parties' attempts to modify their child support and custody arrangements, Movant obtained three judgments (the "Judgments") against Debtor. (Motion, Exhs. A1-A3). Relying on the doctrine of recoupment, Movant argues that the Judgments and the Deferred Comp. Distribution both arise under the Decree and, therefore, the automatic stay does not apply and Movant is entitled to deduct the amounts Debtor owes him pursuant to the Judgments from his obligation to make the Deferred Comp. Distribution to Debtor. Debtor argues that the Judgments arise from legal proceedings separate from the divorce proceeding resulting in the Decree and, therefore, that recoupment does not apply.

Recoupment "operates as an exception to the bankruptcy principle that all unsecured creditors of a debtor stand on equal footing for payment of their claims" and is therefore narrowly construed in bankruptcy. *Affiliated of Fla., Inc. v. Mount Olive Pickle Co. (In re Affiliated of Fla.)*, 258 B.R. 495, 499 (Bankr. M.D. Fla. 2000) (citing *In re Peterson Distributing, Inc.*, 82 F.3d 956, 959 (10th Cir.1996)*; In re United States Abatement Corp.*, 79 F.3d 393, 398 (5th Cir.1996). To succeed on a recoupment claim in the Eleventh Circuit, parties must establish that: (1) the claims in question arose from the same transaction; (2) the claim is being asserted as a defense; and (3) the "main action" is timely. *Affiliated of Fla, Inc.,* 258 B.R. at 499. Here as in most cases, the key question is whether the relevant obligations constitute part of the "same transaction." 5 Collier on Bankruptcy ¶ 553.10 (16th ed.).

While there is no binding test in the Eleventh Circuit to determine whether claims arose

from the "same transaction," the "integrated transaction" test is most often used by courts in this Circuit. *See e.g., Affiliated of Fla., Inc. v. Mount Olive Pickle Co. (In re Affiliated of Fla.)*, 258 B.R. 495 (Bankr. M.D. Fla. 2000). Under this approach, courts ask whether the obligations in question "arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations." *Id.* at 499; *see also Ampel v. Ampel (In re Ampel)*, No. 05-94878-MHM, 2006 Bankr. LEXIS 3244 (Bankr. N.D. Ga. Sept. 28, 2006). The movant's obligation must be "of the same type and character" as the debtor's obligation. *Id.* at *10 (allowing recoupment from alimony owed to the debtor from obligations in the nature of support (guardian ad litem fees), but not from the parties' property settlement (mortgage payment reimbursement).[1]

While the Parties' obligations in this case would not arise but for their divorce, they do not arise out of the same integrated transaction. The Deferred Comp. Distribution arises under the Decree as part of the Parties' property settlement, while the Judgments Movant obtained against Debtor arise from a series of subsequent litigation in connection with the modification of child custody and support. The Deferred Comp. Distribution and Judgments do not "arise out of a single integrated transaction so that it would be inequitable for [Debtor] to enjoy the benefits of the [Deferred Comp. Distribution] without also meeting [Debtor's] obligation [to satisfy the Judgments]." *In re Affiliated of Fla.*, 258 B.R. at 499 (citations omitted). This determination does

---

[1] In *Ampel*, the movant's obligation to debtor under the parties' divorce decree was to: (i) pay alimony to debtor; and (ii) pay monthly mortgage payments on their marital residence until the residence was sold. Once the marital residence was sold, movant was to be reimbursed for the mortgage payments from the sale proceeds. Debtor's obligation under an emergency order to modify debtor's visitation rights with the parties' minor children was to pay movant the guardian *ad litem* fees assessed against the debtor in connection with that emergency order. The court allowed movant to recoup the guardian *ad litem* fees from the alimony he owed the debtor, but did not allow further recoupment to reimburse him for the mortgage payments. The court reasoned that the guardian *ad litem* fees were of the "same type and character as alimony" in that they were in the nature of support, whereas the mortgage payments were part of a property settlement. *In re Ampel*, 2006 Bankr. LEXIS 3244, at *10.

not pass judgment on the righteousness of Debtor's actions resulting in the Judgments, but it is not enough that the Parties' obligations arose in connection with their divorce. The obligations owing to each party in this case simply are not of the same type and character such that recoupment is justified. Accordingly, it is

**ORDERED** that the Motion (Doc. 28) is **DENIED**. The automatic stay imposed by 11 U.S.C. § 362 has not terminated and therefore remains in place.

**IT IS FURTHER ORDERED** that the chapter 13 trustee shall notify the Parties of the amount necessary to bring Debtor's plan current (the "Cure Amount") not later than 2 business days from the entry of this order.

**IT IS FURTHER ORDERED** that Movant shall pay the Cure Amount to the chapter 13 trustee not later than 5 days after receiving notification of the Cure Amount from the chapter 13 trustee.

**IT IS FURTHER ORDERED** that any portion of the Deferred Comp. Distribution in excess of the Cure Amount shall be held in escrow by Movant's counsel pending confirmation of the proposed plan, which is currently scheduled for hearing on March 31, 2020.

The Clerk of Court shall serve a copy of this Order upon the chapter 13 trustee, Movant, Debtor, and their respective counsel.

## END OF DOCUMENT